F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**JAN 22 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FRANK E. SWANSON,

     Plaintiff - Appellant,

v.

DWIGHT E. MILLER, Attorney;
FRANK D. DIEHL, Deputy
Disciplinary Administrator,

     Defendants - Appellees.

No. 02-3124
D.C. No. 01-CV-3295-GTV
(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Frank E. Swanson, proceeding *pro se*, appeals from an order of the district court dismissing his civil rights complaint brought pursuant to 42 U.S.C. §§ 1981, 1983. In his complaint, Swanson alleged that defendant Dwight Miller, Swanson's criminal defense attorney, failed to provide competent legal assistance at trial and that defendant Frank Diehl, the Deputy Disciplinary Administrator of the Kansas Bar Association, deliberately refused to address the issues presented by Swanson in his Bar complaint. Swanson also alleged generally that Diehl conspired with Miller to conceal Miller's misconduct and that Diehl denied Swanson access to the court, due process, and equal protection by failing to provide him copies of Miller's response to the Bar complaint. In dismissing Swanson's § 1981 claim, the district court noted that the claim failed because the complaint did not allege that Swanson was deprived of a federal right due to racially-motivated conduct. Instead, the district court concluded that Swanson's allegations amounted to claims of legal malpractice which should be raised in state court. As to Swanson's § 1983 claims, the district court noted as follows: (1) Swanson's conclusory allegations of a conspiracy between Miller and Diehl, unsupported by the allegation of specific facts showing the elements of conspiracy, were insufficient to state a claim for relief; (2) as a Bar official charged with investigating and presenting cases involving attorney discipline, Diehl was absolutely immune from a suit for money damages; (3) Swanson lacked

standing, pursuant to binding Tenth Circuit precedent, to bring a civil rights action against those individuals charged with the investigation and resolution of Bar disciplinary complaints; and (4) Swanson had no constitutional or state-law right to access any of the materials filed by Miller in the disciplinary proceedings.

This court has considered the contentions set out in Swanson's appellate filings and conducted a *de novo* review of both the district court's order and the entire record on appeal. Our review leads the court to conclude that the district court did not commit reversible error in dismissing Swanson's complaint. Accordingly, this court **AFFIRMS** the district court for substantially those reasons set out in the district court's thorough order of dismissal dated March 20, 2002.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge